**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SAM KOGON, DAVID WOULARD, ATTACK THE SOUND LLC, an Illinois limited liability company, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated, )<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, a Delaware limited liability company,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 26-cv-2582<br>)<br>)<br>) Hon. Sunil R. Harjani<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT INITIAL STATUS REPORT

I.      The Nature of the Case:

      A.      Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

*Plaintiffs:* Ross Kimbarovsky (ross@loevy.com), Jon Loevy (jon@loevy.com), Michael Kanovitz (mike@loevy.com), Matthew Topic (matt@loevy.com), and Aaron Tucek (aaron@loevy.com) represent the Plaintiffs and the putative class. Ross Kimbarovsky will be the lead trial attorney.

*Defendant*: Andrew H. Schapiro (andrewschapiro@quinnemanuel.com); Viola Tribeka (violatrebicka@quinnemanuel.com); William Patry  (williampatry@quinnemanuel.com); Jessica A. Rose (jessicarose@quinnemanuel.com); Moon Hee Lee (moonheelee@quinnemanuel.com); Joseph H. Margolies (josephmargolies@quinnemanuel.com); and Eli Pales (elipales@quinnemanuel.com). Andrew Schapiro will be the lead trial attorney for Google.

      B.      Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.

Plaintiffs (independent musicians and songwriters, suing individually and on behalf of a putative class and several subclasses) allege that Defendant Google built and operates its generative-AI music products, including Lyria 3 and predecessor/related tools (Lyria, Lyria 2, Magenta RealTime, Dream Track, and ProducerAI [rebranded to Google Flow Music]), by copying, storing, and reusing Plaintiffs' and putative class members' copyrighted sound recordings, musical compositions, and lyrics without authorization, stripping identifying information from those works, and using them to train and operate models that generate competing music within Google's distribution and rights-management ecosystem. Plaintiffs assert claims under the Copyright Act, 17 U.S.C. § 501, for direct infringement (reproduction and distribution of sound recordings, and reproduction of lyrics and non-lyric musical compositions) and for contributory and vicarious infringement; under the DMCA for removal or alteration of copyright management information (17 U.S.C. § 1202(b)), false CMI (§ 1202(a)), and circumvention of technological access controls (§ 1201); under the Lanham Act, 15 U.S.C. § 1125(a), for false endorsement and false advertising; and under Illinois law for violations of the Biometric Information Privacy Act, the Right of Publicity Act, the Uniform Deceptive Trade Practices Act, and the Consumer Fraud and Deceptive Business Practices Act, as well as common-law unjust enrichment. Plaintiffs seek damages, disgorgement, and injunctive relief. No counterclaims or third-party claims have been filed as of the date of this Report.

Defendant Google denies that Plaintiffs' Complaint has any merit. Google's mission is to organize the world's information and make it universally accessible and useful. As part of that mission, Google operates YouTube, a video-streaming platform that enables members of the public, including Plaintiffs, to upload and share content with the world. In 2016, Google launched the Magenta project, a research initiative focused on machine learning for art and music generation. The years of research that followed culminated in Google's introduction of Lyria in 2023, as the company's flagship music-generation model.  Google later introduced Lyria 2, and in February 2026, Google launched Lyria 3 as part of the Gemini app. Google later

1

introduced Producer.AI, a standalone, web-based platform for creating, sharing, and publishing AI-generated music.

Google's anticipated defenses to the asserted claims include, among other things, the following: (1) Plaintiffs licensed Google to use the intellectual property in the asserted works; (2) Plaintiffs lack standing to bring copyright claims for which Plaintiffs do not own a registration; (3) Plaintiffs lack Article III and/or statutory standing to bring claims under the Copyright Act, Lanham Act and related claims; (4) Plaintiffs' DMCA, contributory copyright infringement, vicarious copyright infringement, Lanham Act, Biometric Information Privacy Act, Right of Publicity Act, Uniform Deceptive Trade Practices Act, Consumer Fraud and Deceptive Business Practices Act, and common-law unjust enrichment claims fail to state a claim upon which relief can be granted; (5) Plaintiffs state law claims are preempted by the Copyright Act; (6) any use by Google of Plaintiffs copyrighted works is an non-infringing fair use.

> C.       Briefly identify the major legal and factual issues in the case.

*Major legal issues include:* (1) whether Google's alleged copying, retention, and use of copyrighted sound recordings, musical compositions, and lyrics in its training and model-operation pipelines (including Lyria 3 and related tools) violates the Copyright Act, and the availability and scope of defenses such as fair use; (2) whether Google violated the DMCA, including § 1201 (circumvention of technological access controls and trafficking in circumvention technologies) and § 1202 (removal or alteration of CMI under § 1202(b), and provision or distribution of false CMI under § 1202(a)); (3) secondary liability (contributory and vicarious) for downstream infringement by users of Google's generative-music systems; (4) whether the outputs of Google's AI music tools are infringing derivative works under the Copyright Act; (5) whether Google's alleged conduct violates the Lanham Act, 15 U.S.C. § 1125(a), including false endorsement and false advertising, and the related likelihood-of-confusion and materiality questions; (6) whether Google's alleged conduct violates Illinois BIPA, IRPA, UDTPA, and the Illinois Consumer Fraud Act, and whether Plaintiffs' Illinois statutory and common-law claims (including unjust enrichment) are preempted by the Copyright Act; and (7) whether class certification is appropriate and whether requirements under Rule 23, including with respect to the proposed class and subclasses can be met; (8) whether Plaintiffs have standing under Article III and/or statutory standing to bring the asserted DMCA, Copyright Act, and Lanham Act and related state law claims.

*Major factual issues include:* (1) whether any Plaintiffs uploaded their work to YouTube and agreed to YouTube's Terms of Service, and, if so, whether that conduct constituted authorization for Google's challenged uses of those works; (2) the sources, scope, and provenance of Google's training and validation corpora, including the volume of music at issue and whether those corpora include Plaintiffs' works; (3) the nature and extent of Google's copying, storage, processing, and reuse of the works, including any distribution to vendors, agents, or partners; (4) whether and how access controls, technical protection measures, or copyright management information on third-party platforms were circumvented, removed, or altered, and the nature of Google's relationships with any third-party data vendors or intermediaries involved; (5) whether biometric identifiers or voiceprints were collected, stored, or exploited; (6) whether Google used Plaintiffs' voices or identities and the likelihood of consumer confusion as to endorsement,

sponsorship, or source; (7) if at all, the extent of Google's knowledge, intent, and willfulness, including what its own research, internal deliberations, and the circumstances surrounding the departure of Lyria's architects show; and (8) whether Plaintiffs have sustained any damage or market harm as a result of Google's actions, and if injunctive relief and disgorgement is appropriate.

        D.      State the relief sought by any of the parties.

Plaintiffs seek certification of the proposed Classes and Subclasses under Rule 23(b)(2) and (b)(3) and judgment against Google on all Counts; declaratory relief that Google's alleged conduct violates the Copyright Act, DMCA, Lanham Act, BIPA, IRPA, the UDTPA, and ICFA; preliminary and permanent injunctive relief halting the alleged violations and barring further unauthorized use of Plaintiffs' works, voices, and artist identifiers, with corrective disclosures; impoundment and destruction of infringing copies and the means of reproduction, including training datasets, cached copies, and training checkpoints, and, where necessary to abate ongoing infringement, deletion or modification of model parameters, weights, and embeddings, plus destruction of circumvention technologies; statutory damages where available, or in the alternative actual damages and disgorgement of Google's profits (including under the Lanham Act and IRPA), together with restitution, an accounting, and a constructive trust on an unjust-enrichment theory; punitive damages under ICFA; attorneys' fees, costs, and pre- and post-judgment interest; and such other relief as the Court deems proper.

Google denies that Plaintiffs are entitled to any of relief sought and seeks judgment in its favor on all of Plaintiffs' claims. In addition, Google disputes class certification is appropriate and maintains that the proposed putative classes cannot be certified under the requirements of Rule 23.

II.      Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

        A.      Identify all federal statutes on which federal question jurisdiction is based.

This civil action seeks damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq., removal or alteration of copyright-management-information ("CMI"), and circumvention of technological measures under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201–1202.

Plaintiffs allege that this Court has jurisdiction under 28 U.S.C. § 1332(a)(2) and the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) this is a proposed class action in which there are at least 100 class members; (b) at least one defendant is a citizen of a foreign state and all plaintiffs are citizens of states of the United States; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

Google does not contest federal court jurisdiction at this juncture. However, Google intends to move to dismiss the Complaint in its entirety on various grounds. The Court's decision on that

motion may implicate the question of supplemental jurisdiction. Accordingly, Google reserves its right to revisit this question as appropriate as the case progresses.

> B.     If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

Plaintiffs allege that this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' and the Classes' state-law claims—including, without limitation, claims under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 et seq., the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 et seq., the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), 815 ILCS 510/1 et seq., and Illinois unjust-enrichment law—because those claims are so related to the federal claims that they form part of the same case or controversy under Article III. Plaintiffs allege that the state-law claims arise from the same nucleus of operative facts as the federal copyright and DMCA claims, namely Defendants' acquisition, copying, ingestion, training, commercialization, and biometric exploitation of Plaintiffs' and class members' recordings, lyrics, identities, and voiceprints. Plaintiffs allege that exercising supplemental jurisdiction promotes judicial economy, convenience, and fairness to the Parties.

Google does not contest federal court jurisdiction at this juncture. However, Google intends to move to dismiss the Complaint in its entirety on various grounds. The Court's decision on that motion may implicate the question of supplemental jurisdiction. Accordingly, Google reserves its right to revisit this question as appropriate as the case progresses.

> 1.     Whether the amount in controversy exceeds the jurisdictional threshold: The amount in controversy exceeds $5,000,000, exclusive of interest and costs.

> 2.     Identify the state of citizenship of each named party: Plaintiffs David Woulard, Attack the Sound LLC, Stan Burjek, Dan Burjek, Berk Ergoz, Hamza Jilani, Maatkara Wilson, and Arjun Singh are domiciled in, and citizens of Illinois. Plaintiff Magnus Fiennes is domiciled in and a citizen of California. Plaintiff Michael Mell is domiciled in and a citizen of Georgia.

Defendant Google is a Delaware limited liability company with its principal place of business in California.

III.     Status of Service: Defendant has waived service.

IV.     Motions:

> A.     Briefly describe any pending motions: None.

> B.     State whether the defendant(s) anticipate responding to the complaint by filing an answer or by means of a motion.

Google intends to move to dismiss the Complaint in its entirety. The Parties respectfully request that the Court extend the page limit for the opening and opposition briefs for this motion to 35 pages.

V.      Case Plan:

      A.      Submit a proposal for a discovery plan, including the following information:

Google intends to move to stay discovery pending the Court's ruling on its forthcoming Motion to Dismiss. Plaintiffs intend to oppose this motion and propose that within 14 days after Google files its motion(s) to dismiss, the Parties submit a proposed discovery schedule in connection with this subsection V, including the timing of initial disclosures pursuant to Rule 26(a)(1).

To the extent the Court denies Google's motion to stay discovery, Google proposes that within 30 days after briefing is complete on Google's motion(s) to dismiss, the Parties submit a proposed discovery schedule in connection with this subsection V, including the timing of initial disclosures pursuant to Rule 26(a)(1).

Plaintiffs reserve the right to seek discovery to respond to the anticipated motion(s) to dismiss the Complaint.

      B.      Protective order/Model Confidentiality Order developed by NDIL.

      C.      State whether the parties anticipate discovery of ESI in this case.

The parties anticipate discovery of ESI in this case.

      D.      With respect to trial, indicate the following:

            1.      Whether a jury trial is requested; and

Plaintiffs have demanded a jury trial.

            2.      The probable length of trial.

The probable length of trial is estimated to be 80 to 120 hours.

VI.     Consent and Settlement Discussions:

      A.      Consenting to the jurisdiction of the assigned Magistrate Judge.

The Parties do not unanimously consent to proceed before a Magistrate Judge.

      B.      Status of any settlement.

No settlement discussions have occurred; the Parties do not request a settlement conference.

VII.    Other Matters:

None as of the date this Report is being filed.

Dated: May 27, 2026                                    Respectfully submitted,

| LOEVY & LOEVY | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| /s/ Ross Kimbarovsky | /s/ Andrew H. Schapiro |
| Ross Kimbarovsky (6229590) ross@loevy.com Jon Loevy (6218524) jon@loevy.com Michael Kanovitz (6275233) mike@loevy.com Matthew Topic (6290923) matt@loevy.com Aaron Tucek   (98624) aaron@loevy.com  LOEVY & LOEVY 311 North Aberdeen, 3rd Floor Chicago, IL 60607 312.243.5900 (phone) 312.243.5902 (fax)  *Attorneys for Plaintiffs Sam Kogon, David Woulard, Attack the Sound LLC, Stan Burjek, James Burjek, Berk Ergoz, Hamza Jilani, Maatkara Wilson, Arjun Singh, Magnus Fiennes, and Michael Mell* | Andrew H. Schapiro (6209041) andrewschapiro@quinnemanuel.com Joseph H. Margolies (6341926) (josephmargolies@quinnemanuel.com  191 N. Wacker Drive, Suite 2700 Chicago, Illinois 60606 (312) 705-7400 (phone) (312) 705-4001 (fax)  Viola Tribeka (violatrebicka@quinnemanuel.com) Moon Hee Lee (moonheelee@quinnemanuel.com) Eli Pales (elipales@quinnemanuel.com). 865 S. Figueroa Street–10th Floor Los Angeles, CA 90017 213-443-3000 (phone) 213-443-3100 (fax)  William Patry (williampatry@quinnemanuel.com) Jessica A. Rose (jessicarose@quinnemanuel.com) 295 Fifth Ave New York, NY 10016 212-849-7000 (phone) 212-849-7100 (fax)   *Attorneys for Defendant Google LLC* |

6