**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAM KOGON, DAVID WOULARD, ATTACK THE SOUND LLC, an Illinois limited liability company, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) | Case No. 26-cv-2582 Hon. Sunil R. Harjani |
| Plaintiffs, | ) ) | |
| v. | ) | |
| | ) | |
| GOOGLE LLC, a Delaware limited liability company, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO GOOGLE'S MOTION TO DISMISS**

Plaintiffs file this sur-reply, with leave of Court, for two limited purposes: to respond to the Reply's accusation that Plaintiffs misrepresented the Producer.AI Privacy Notice (Reply at 13–14), and to correct three characterizations of the record. For all other matters, Plaintiffs rely upon, and will not repeat their Opposition.

**I.      The Plaintiffs' Opposition Quoted the Notice Accurately, Exactly as Google's Opening Brief Quoted the Same Sentence**

The Opposition quoted the Notice for a single proposition: Google's models extract "biometric voiceprints," which is Google's word, and the statute's. (Opp. 21–22; Compl. ¶¶ 116, 250.) The full sentence reads: "Where we provide you notice and request your consent, the models may extract a biometric voiceprint from your vocal recording to power voice-based features designed to mimic the sound of your voice." (MTD, Ex. F at 9.) The sentence's opening conditional addresses a different subject, when Google will perform that extraction on a user's

uploaded audio, and a promise to seek a user's consent before extracting a voiceprint confirms, rather than negates, that the models extract voiceprints. Google nonetheless claims that the quotation was "deceptive" and "border[s] on sanctionable." (Reply at 13–14.) Google's accusation fails for four reasons.

*First*, a verbatim quotation offered for a proposition it supports is an accurate quotation. The Opposition cited the Notice as evidence of capability and of Google's characterization, not as the violation itself; nothing in the consent conditional speaks to what Google's training pipeline did with Plaintiffs' recordings. The proposition is also accurate on the Notice's terms: its retention provisions state that "[w]hen we create a biometric voiceprint for you . . . we and our trusted third-party providers may retain the biometric voiceprint" (MTD, Ex. F at 9.), a regime that describes extraction as an operational practice, not a hypothetical.

*Second*, the conditional attaches to one sentence, and not to the two other provisions the Opposition described. Google "may disclose . . . extracted data (including your biometric voiceprint) to our trusted third-party providers," and uses "extracted biometric voiceprints" to "improve the artificial intelligence and machine learning models that power our platform and services." (Id.) Neither is conditioned on consent, and the Notice's data-collection section lists "biometric templates" among the personal data collected, likewise without condition. (MTD, Ex. F at 2.) It is the Reply, not the Opposition, that adds words to the document: "exclusively" and "only" (Reply at 14) appear nowhere in it. Under Google's authority, an exhibit controls only where it "contradicts the complaint's allegations." (Reply at 14, quoting *Phillips*.) The Notice is silent about the training pipeline; silence is not contradiction.

*Third*, the full sentence supports the Complaint. Google calls the document "a BIPA-compliant notice" (Reply at 14), a consent procedure Google built around data it treats as

biometric and speaker-specific ("to mimic the sound of *your* voice"). But no Plaintiff was ever asked. (Compl. ¶ 251(b).) Either no voiceprints derive from Plaintiffs' recordings, which is a factual denial to be tested in discovery, not a pleading defect, or else extraction occurred outside the consent process the Notice describes.

*Fourth*, Google's opening brief quoted the sentence the exact same way, while making a different objection. Footnote 6 of the Motion challenged Compl. ¶ 250 on scope, arguing that the Notice "applies to recordings ProducerAI users upload," and in doing so represented: "Concerning those works, the ProducerAI Notice provides that 'the models may extract a biometric voiceprint from your vocal recording.'" (MTD at 20 n.6.) Google's quotation and the Opposition's are identical: both begin after the consent conditional and end before the purpose clause. The consent clause the Reply now describes as "surgically excise[d]" appears nowhere in Google's footnote either—neither party treated it as material to describing what the Notice provides, because it is not. Footnote 6's actual objection, that the Notice's reach only applies to user uploads, was answered in the Opposition (Opp. 22) and remains a contested factual question the Notice's silence cannot resolve at Rule 12. What the Reply adds is not an argument but an accusation, and it is one Google's own quotation forecloses. *Waldon,* involving counsel cropping a timestamp from a photograph to conceal evidence from the court, does not fit these facts: both parties quoted the same words from a document Google attached as an exhibit to its MTD, in full. And it is the Reply that shortens the record: it quotes Compl. ¶ 3 ("a standalone platform") while passing over the Complaint's allegation that the platform is "powered by Lyria 3." (Compl. ¶¶ 113, 250.) At Rule 12, that allegation is accepted as true.

## II.      Three Record Corrections

Each correction below is limited to what the cited documents say. Plaintiffs do not

reargue the claims.

*Section 1201.* The Reply describes the third-party-platform theory as a "pivot" that the Complaint "flatly contradict[s]." (Reply at 8.) Not so. The Complaint pleaded that theory from the outset: it summarizes the § 1201 claim as "circumvention of technological access controls protecting copyrighted works on third-party platforms" (Compl. ¶ 19) and names the platforms and measures (Compl. ¶¶ 137, 192–194). Paragraph 102, which the Reply cites, describes YouTube-side copying, conduct requiring no circumvention and pleaded as direct infringement. The theories are complementary, not contradictory.

*CMI.* The Reply states that "[b]y Plaintiffs' own account, they furnished metadata to Google through a Content ID form; it was not embedded in their recordings." (Reply at 5–6.) That is not Plaintiffs' account. The Complaint alleges embedded metadata, specifically ISRCs "embedded in digital audio files" (Compl. ¶ 8 & n.17) and metadata that commercially distributed music "carries" (Compl. ¶ 134), and cites Content ID as corroboration that Google itself demands this metadata. (Compl. ¶ 68.)

*Assent.* The Reply describes the Complaint as alleging that Plaintiffs distributed music on platforms including YouTube, "which required acceptance of the Terms as a condition of distributing on the platform." (Reply at 2–3, citing Compl. ¶¶ 26–27, 32, 39, 47–48, 51, 55.) The quoted paragraphs allege distribution and availability. The condition-of-acceptance clause appears in none of them; it is Google's gloss. Which Plaintiff assented to which version of the Terms, for which works, remains unpleaded by Google and unproven, which reflects the gap the Opposition identified. (Opp. 4–5.)

### CONCLUSION

For these reasons and those in the Opposition, the Court should deny the Motion.

4

Dated: July 24, 2026

Respectfully submitted,

LOEVY & LOEVY

/s/ Ross Kimbarovsky

_____

Ross Kimbarovsky (6229590)
ross@loevy.com
Jon Loevy (6218524)
jon@loevy.com
Michael Kanovitz (6275233)
mike@loevy.com
Matthew Topic (6290923)
matt@loevy.com
Aaron Tucek (98624)
aaron@loevy.com
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312.243.5900 (phone)
312.243.5902 (fax)

*Attorneys for Plaintiffs Sam Kogon, David Woulard, Attack the Sound LLC, Stan Burjek, James Burjek, Berk Ergoz, Hamza Jilani, Maatkara Wilson, Arjun Singh, Magnus Fiennes, and Michael Mell.*

5